IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHLEEN SIRY,<br><br>                     Plaintiff,<br><br>     v.<br><br>FRANK BISIGNANO,[1]<br><br>                     Defendant. | CIVIL ACTION<br>NO. 24-1910 |

**OPINION**

**Slomsky, J.**                                                                                                       **August 25, 2025**

**I.     INTRODUCTION**

Before the Court is the Objection of Defendant Frank Bisignano ("Defendant"), Commissioner of the Social Security Administration ("SSA") to the Report and Recommendation ("R&R") of United States Magistrate Judge Lynne A. Sitarski. (Doc. No. 19.) Plaintiff Kathleen Siry brought this action seeking review of Defendant's decision denying her claim for Social Security Disability Insurance and Supplemental Security Income under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383f. (See Doc. No. 1.)

On January 2, 2025, the Court entered an Order referring the case to Magistrate Judge Sitarski for a R&R. (Doc. No. 12.) On April 9, 2025, Magistrate Judge Sitarski issued the R&R, recommending that the Court remand the case for consideration on one issue. (Doc. No. 18.) On April 23, 2025, Defendant filed an Objection to the R&R. (Doc. No. 19.) On May 2, 2025, Plaintiff filed a Response to Defendant's Objection. (Doc. No. 20.)

---

[1]     In accordance with Federal Rule of Civil Procedure 25(d), Frank Bisignano, Commissioner of the Social Security Administration, is substituted as Defendant for Leland Dudek, the former Acting Commissioner.

1

Pursuant to 28 U.S.C. § 636(b)(1), this Court has conducted a <u>de novo</u> review of the portions of the R&R to which an objection has been made. After an independent review of the record and for reasons that follow, the Court will overrule Defendant's Objection (Doc. No. 19), approve and adopt the R&R (Doc. No. 18), and grant in part Plaintiff's Request for Review (Doc. No. 11).

## II.   BACKGROUND

### A.   Relevant Social Security Administration Regulations

To prove a "disability," a Social Security claimant must demonstrate "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a). The claimant has the burden of proving the existence of a disability and can satisfy this burden by showing an inability to return to former work. <u>Rossi v. Califano</u>, 602 F.2d 55, 57 (3d Cir. 1979). If he does so, the burden shifts to the Commissioner to show that, given the claimant's age, education, and work experience, he is able to perform specific jobs that exist in the national economy. 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 416.920(f).

When evaluating a disability, the Social Security Administration, through Administrative Law Judges ("ALJs"), uses a five-step process, which is followed in a set order:

> At step one, the ALJ determines whether the claimant is performing "substantial gainful activity[.]" 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If he is, he is not disabled. <u>Id.</u> Otherwise, the ALJ moves on to step two.
>
> At step two, the ALJ considers whether the claimant has any "severe medically determinable physical or mental impairment" that meets certain regulatory requirements. <u>Id.</u> §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A "severe impairment" is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities[.]" <u>Id.</u> §§ 404.1520(c), 416.920(c). If the claimant lacks such an impairment, he is not disabled. <u>Id.</u> §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If he has such an impairment, the ALJ moves on to step three.

At step three, the ALJ decides "whether the claimant's impairments meet or equal the requirements of an impairment listed in the regulations[.]" Smith v. Comm'r of Soc. Sec., 631 F.3d 632, 634 (3d Cir. 2010). If the claimant's impairments do, he is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If they do not, the ALJ moves on to step four.

At step four, the ALJ assesses the claimant's "residual functional capacity" ("RFC") and whether he can perform his past relevant work. Id. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). A claimant's "[RFC] is the most [he] can still do despite [his] limitations." Id. §§ 404.1545(a)(1), 416.945(a)(1). If the claimant can perform his past relevant work despite his limitations, he is not disabled. Id. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If he cannot, the ALJ moves on to step five.

At step five, the ALJ examines whether the claimant "can make an adjustment to other work[,]" considering his "[RFC,] . . . age, education, and work experience[.]" Id. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). That examination typically involves "one or more hypothetical questions posed by the ALJ to [a] vocational expert." Podedworny v. Harris, 745 F.2d 210, 218 (3d Cir. 1984). If the claimant can make an adjustment to other work, he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If he cannot, he is disabled.

Hess v. Comm'r Soc. Sec., 931 F.3d 198, 201–02 (3d Cir. 2019).

### B. Factual & Procedural Background

In March 2021, Plaintiff, who had been working as a home health aide, was in a car accident. (Doc. No. 13 at 1.) In January 2022, Plaintiff filed for Social Security disability benefits "due to whiplash, concussion, migraines, vertigo-like symptoms, radiating pain into both arms, epilepsy, petit mal seizures, allergies and neck, shoulder, and back injuries." (Id. at 1.) Thereafter, as summarized by Magistrate Judge Sitarski:

> Plaintiff's application was denied at the initial level and upon remand, and Plaintiff requested a hearing before an Administrative Law Judge (ALJ). (R. 66-67, 78-79, 103-12, 115-24). Plaintiff, represented by counsel, and a vocational expert (VE) testified at the January 19, 2023, administrative hearing. (R. 35-55). On March 31, 2023, the ALJ issued a decision unfavorable to Plaintiff. (R. 17-29).

(Doc. No. 18 at 1-2.)

3

In her decision denying Plaintiff's request for benefits, the ALJ assessed Plaintiff's residual functional capacity ("RFC") at step four of the five-step process described above to be the following:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except that she can never climb ladders, ropes, or scaffolds. She can frequently crawl, crouch, kneel, stoop, and climb ramps/stairs. The claimant can occasionally reach overhead, and frequently reach in any other direction with the right side; and frequently reach overhead and in any other direction with the left side. She can be exposed to moderate noise, but never exposed to unprotected heights or moving mechanical parts. The claimant can occasionally be exposed to vibrations.

(Id. at 7.) Importantly, in coming to this conclusion, the ALJ found that Plaintiff's mental impairment necessitated only minimal limitation, but noted the following regarding the impact of this minimal mental limitation on the ultimate RFC finding:

> The limitations identified in the "paragraph B" criteria are not a residual functional capacity assessment but are used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process. The mental residual functional capacity assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment. <u>The following residual functional capacity assessment reflects the degree of limitation I have found in the "paragraph B"[2] mental function analysis</u>.[3]

(Doc. No. 8-2 at 22 (emphasis added).)

Following the ALJ's denial of Plaintiff's request for benefits, as summarized by Magistrate Judge Sitarski:

> Plaintiff appealed the ALJ's decision, and the Appeals Council denied Plaintiff's request for review on March 8, 2024, thus making the ALJ's decision the final decision of the Commissioner for purposes of judicial review. (R. 1-6). On May 6, 2024, Plaintiff filed a complaint in the United States District Court for the Eastern

---

[2]   The "paragraph B" criteria are the four "broad functional areas of mental functioning set out in the disability regulations for evaluating mental disorders[.]" (Doc. No. 8-2 at 21.)

[3]   But what follows is the RFC finding without any explanation on the impact of Plaintiff's minimal mental limitation. (<u>See</u> Doc. No. 8-2 at 22-23.)

4

> District of Pennsylvania and the matter was assigned to me. (Compl., ECF No. 1; Notice, ECF No. 2). The following day Plaintiff declined consent to my jurisdiction, and the day after that the matter was reassigned to the Honorable Joel H. Slomsky. (Notice, ECF No. 4; Order, ECF No. 5). On December 23, 2024, Plaintiff filed a Brief and Statement of Issues in Support of Request for Review. (Pl.'s Br., ECF No. 11). On January 2, 2025, Judge Slomsky referred the matter to me for a Report and Recommendation. (Order, ECF No. 12). The Acting Commissioner filed a Response on January 10, 2025, and on February 18, 2025, Plaintiff filed a Reply. (Resp., ECF No. 13; Reply, ECF No. 15).

(Doc. No. 18 at 2.)

On April 9, 2025, Magistrate Judge Sitarski issued the R&R, addressing the two issues Plaintiff raised in her request for review:

1. [Whether] [t]he ALJ's determination is unsupported by substantial evidence as she failed to properly account for Plaintiff's limitations.

2. [Whether] [t]he ALJ's determination is unsupported by substantial evidence as she failed to properly consider Plaintiff's subjective testimony.

(Id. at 9.) On the first issue, Magistrate Judge Sitarski determined that the ALJ had not supported her RFC determination with substantial evidence because she failed to account for Plaintiff's minimal mental limitations in her formulation of Plaintiff's RFC. (Id. at 18-19.) As a result, Magistrate Judge Sitarski recommended that the case be remanded. (Id. at 19). On the second issue, however, Magistrate Judge Sitarski recommended that the claim be denied because substantial evidence supported the ALJ's finding that Plaintiff's subjective testimony was undermined by the other evidence. (Id. at 24.)

On April 23, 2025, Defendant filed an Objection to the R&R, taking issue with only Magistrate Judge Sitarski's recommendation on the first issue that the case be remanded. (See Doc. No. 19.) Defendant does not object to the recommendation on the second issue. In arguing that Magistrate Judge Sitarski erred in recommending remand on the first issue, Defendant contends that "the RFC is supported by substantial evidence, as the ALJ analyzed Plaintiff's mental

impairments and concluded limitations were not needed to accommodate Plaintiff's mild limitations . . . ." (Id. at 4.) On May 2, 2025, Plaintiff filed a Response to Defendant's Objection. (Doc. No. 20.)

### III. STANDARD OF REVIEW

Judicial review of a final decision of the Commissioner is limited. A district court is bound by the factual findings of the Commissioner if they are supported by substantial evidence and decided according to correct legal standards. Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011) (citing Knepp v. Apfel, 204 F.3d 78, 83 (3d Cir. 2000)); Allen v. Bowen, 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence is "more than a mere scintilla," and consists of "such relevant evidence as a reasonable mind might accept as adequate." Burnett v. Comm'r of Soc. Sec., 220 F.3d 112, 118 (3d Cir. 2000) (citing Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999)). The Court also must determine whether the ALJ applied the proper legal standards in evaluating a claim of disability. McHerrin v. Astrue, No. CIV. A. 09-2035, 2010 WL 3516433, at *2 (E.D. Pa. Aug. 31, 2010) (citing Coria v. Heckler, 750 F.2d 245, 247 (3d Cir. 1984)). The Commissioner's findings of fact, as long as they are supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g).

### IV. ANALYSIS

In the Objection, Defendant challenges Magistrate Judge Sitarski's recommendation on the first issue that the Court remand the matter for further explanation by the ALJ at step four of the five-step analysis on the impact of Plaintiff's minimal mental impairments on the RFC.[4] (See Doc. No. 19.) "In assessing RFC, the adjudicator must consider limitations and restrictions imposed by

---

[4] As noted above, neither party objects to Magistrate Judge Sitarski's recommendation on the second issue that the claim be denied because substantial evidence supported the ALJ's finding that Plaintiff's subjective testimony was undermined by the other evidence.

6

all of an individual's impairments, even those that are not 'severe.'" Hess, 931 F.3d at 209. While no particular language at steps four and five is required after a particular finding has been made at steps two and three, the RFC does require "a more detailed assessment [of the areas of functional limitation] by itemizing various functions contained in the broad [functional limitation] categories[.]"

The Third Circuit has recognized the importance of the ALJ assessing these impairments at step 4 when calculating a plaintiff's RFC, holding that "[t]he mental RFC assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment [of the areas of functional limitation] by itemizing various functions contained in the broad [functional limitation] categories[.]" Id. "Additionally, and perhaps more importantly, social security regulations permit, and indeed require, an ALJ to offer 'a narrative discussion describing how the evidence supports each' limitation at step four of the disability analysis." Id. However, this does not mean that specific language must be used in the ALJ's RFC explanation, but rather that "a wide range of limitation language is permissible . . . so long as the chosen limitation language is explained." Id.

Courts have interpreted this to require a valid explanation from the ALJ for omitting mental limitations from their formulation of the RFC. For example, in Gunn v. Kijakazi, Magistrate Judge Sitarski rejected an ALJ's boilerplate language at step 4 that merely stated "[t]he following residual functional capacity assessment reflects the degree of limitation the undersigned has found in the 'paragraph B' mental function analysis." Gunn v. Kijakazi, 705 F. Supp. 3d 315, 327 (E.D. Pa. 2023). While noting there was substantial evidence to support the ALJ's finding that the plaintiff's mental health impairments were not severe, Magistrate Judge Sitarski held that "[t]he ALJ does not articulate why, after finding that [the] [p]laintiff had mild mental limitations in each of the four

broad categories, he did not include any restrictions related to those limitations in the RFC," and because of this, the matter would need to be remanded. See id.

Similarly, the court in Patricia C. v. Saul rejected the use of identical boilerplate language at step four:

> [T]he ALJ's "boilerplate assertion . . . that his RFC assessment 'reflects the degree of limitation the undersigned has found in the "paragraph B" mental function analysis' was not sufficient." The ALJ does not articulate why, after finding that [the] [p]laintiff had mild mental limitations in each of the four broad categories, he did not include any restrictions related to those limitations in the RFC. The [c]ourt will not infer in a vacuum that the ALJ considered [the] [p]laintiff's mild mental limitations but then validly concluded that they did not cause any significant limitation necessitating inclusion in the RFC.
>
> Thus, the ALJ erred in his mental RFC determination by not considering, or making clear that he considered, [the] [p]laintiff's mild mental limitations. Moreover, the [c]ourt is unable to find that the error was "inconsequential to the ultimate nondisability determination" and therefore harmless. The [c]ourt cannot determine what the result would have been if the ALJ had considered [the] plaintiff's mild mental limitations when assessing her RFC.

No. 19-cv-00636, 2020 WL 4596757, at *13 (S.D. Cal. Aug. 11, 2020) (citations omitted, emphasis added); see also Uranna G. v. Saul, No. 3:18-cv-02117, 2019 WL 5342537, at *4 (S.D. Cal. Oct. 21, 2019) ("The ALJ's boilerplate assertion in connection with Finding No. 3 that his RFC assessment 'reflects the degree of limitation the undersigned has found in the 'paragraph B' mental function analysis' was not sufficient.") (emphasis added); Wells v. Colvin, 727 F.3d 1061, 1065 n.3 (10th Cir. 2013) ("[T]he ALJ did find 'mild' [mental] restrictions in three of the relevant functional areas, requiring further analysis."); Balla v. Comm'r of Soc. Sec., No. 18-00386, 2019 WL 2482661, at *3 (D.N.J. June 14, 2019) (remanding case because "the ALJ's reference to [the] [p]laintiff's mild mental limitations fails to clearly explain the 'impact of [the] [p]laintiff's mental impairments on her ability to' complete the relevant work")); Curry v. Comm'r of Soc. Sec., No. 1:15-cv-07515, 2017 WL 825196, at **5-6 (D.N.J. Mar. 2, 2017) (same); Kich v. Colvin, 218 F.

Supp. 3d 342, 357 (M.D. Pa. 2016) (same); but see Brumfield v. Saul, No. 19-4555, 2020 WL 4934315, at *4 (E.D. Pa. Aug. 21, 2020) (holding the same boilerplate language used by the ALJ was a sufficient explanation and affirming the ALJ's decision).

Here, because the ALJ merely used the same boilerplate language at step 4 that has been rejected by other courts, this language is an insufficient explanation of the impact that Plaintiff's mental limitation had on her RFC. As noted above, the ALJ found that Plaintiff had a minimal mental limitation. But rather than explaining at step four the impact that this minimal mental limitation had on Plaintiff's RFC, the ALJ instead merely noted that "[t]he following residual functional capacity assessment reflects the degree of limitation I have found in the 'paragraph B' mental function analysis." (See Doc. No. 8-2 at 22.) In other words, like the ALJs in Gunn and Patricia C., the ALJ here neglected to articulate how Plaintiff's minimal mental limitation impacted her RFC. Thus, like the courts concluded in Gunn and Patricia C. when faced with identical boilerplate language, the language of the ALJ here on Plaintiff's minimal mental limitation falls short of the "more detailed assessment" required at step 4 when a mental limitation is found.[5] Hess, 931 F.3d at 209. Accordingly, the case will be remanded for consideration of Plaintiff's minimal mental imitation in the formulation of the RFC.

---

[5] Even if Plaintiff's minimal mental limitation has a de minimis impact on the ALJ's formulation of Plaintiff's RFC, it is still necessary that the ALJ at least explain the impact at step 4. Curry, 2017 WL 825196, at *6 ("The [c]ourt cannot weigh the evidence or substitute its conclusions for those of the ALJ, or independently determine the impact of [the] [p]laintiff's mental impairments in combination with her physical impairments on her RFC. Without the ALJ performing that analysis, the [c]ourt also cannot determine whether the ALJ's decision is supported by substantial evidence. Consequently, the matter must be remanded for further proceedings so that the ALJ may properly consider how [the] [p]laintiff's mental impairments affect her RFC and her capability to perform past relevant work.")

## V. CONCLUSION

For the foregoing reasons, Magistrate Judge Sitarski's Report and Recommendation (Doc. No. 18) will be approved and adopted and Plaintiff's Request for Review (Doc. No. 11) will be granted in part. An appropriate Order follows.